IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

JASON WHITE,

    Plaintiff,

v.

PEACH TREE LAW CENTER, LLC,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, JASON WHITE ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Lee, and City of Fort Myers.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, PEACH TREE LAW CENTER, LLC ("Defendant") or ("PTLC") is a corporation limited liability company who at all relevant times was engaged, by use of the mails

and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. Defendant has engaged in a pattern of harassment by calling Plaintiff repeatedly, and at times on multiple occasions during the same calendar day, in its attempts to collect a debt.

12. Defendant communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

13. On October 10, 2010, Plaintiff sent a letter to Defendant requesting that

Defendant cease and desist all collection calls to Plaintiff at work, and to Plaintiff's mother's place of business. (See October 10, 2010 correspondence, attached hereto as Exhibit "A"). Defendant continued to make collection calls to these telephone numbers subsequent to receiving said cease and desist letter.

14. In connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted a third party for purposes other than obtaining location information, Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff.

15. On at least one occasion Defendant called Plaintiff's mother's place of business and disclosed the fact that Plaintiff owed an alleged debt.

16. Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

23.     Defendant violated 15 U.S.C. § 1692c(b) by contacting a third party for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25.     Defendant violated 15 U.S.C. § 1692b(2) by disclosing to a third party the existence of a debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

27. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI VIOLATIONS OF SECTION 559.72(7) OF THE FCCPA AGAINST PTLC

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

29. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff.

30. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JASON WHITE, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VII VIOLATIONS OF SECTION 559.72(5) OF THE FCCPA AGAINST PTLC

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

32. Defendant violated §559.72(5) of the Florida Consumer Collection Practices Act by disclosing to a person other than a debtor or her or his family information affecting the debtor's reputation for credit worthiness with knowledge or reason to know that the person does not have a legitimate business need for the information or that the information is false.

33. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JASON WHITE, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

34.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 23rd day of December, 2010.

                        Respectfully submitted,
                        **JASON WHITE**

                        By: s/ Alex D. Weisberg
                        ALEX D. WEISBERG
                        FBN: 0566551
                        WEISBERG & MEYERS, LLC
                        ATTORNEYS FOR PLAINTIFF
                        5722 S. Flamingo Rd, Ste. 656
                        Cooper City, FL 33330
                        (954) 212-2184
                        (866) 577-0963 fax
                        aweisberg@attorneysforconsumers.com

Case 2:10-cv-00783-CEH-D_F   Document 1   Filed 12/27/10   Page 9 of 9 PageID 9